IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES HENRY VANFOSSEN, | : | CIVIL ACTION |
|     Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES J. MCGRADY, et al., | : | No. 09-CV-6020 |
|     Respondents | : | |

REPORT AND RECOMMENDATION

TIMOTHY R. RICE                                                                         May 27, 2010
U.S. MAGISTRATE JUDGE

Petitioner James Henry Vanfossen, a prisoner at the State Correctional Institution Retreat, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, I respectfully recommend Vanfossen's federal habeas petition be DENIED with prejudice as untimely under § 2244(d)(1).

FACTUAL AND PROCEDURAL HISTORY

On July 30, 2003, a jury convicted Vanfossen of attempted criminal homicide, aggravated assault, burglary, reckless endangerment of another person, and simple assault. See Memorandum Opinion at 1, Commonwealth v. Vanfossen, No. 2608 of 2002 (Ct. Com. Pl. Lehigh Mar. 12, 2004) [hereinafter Direct Appeal Op.]. He was sentenced to an aggregate sentence of twelve- and- one- half- to- thirty- years imprisonment. Id.

Vanfossen appealed, alleging: (1) the evidence was insufficient to support the jury's guilty verdict; (2) the jury's verdict was against the weight of the evidence; (3) the trial court erred by permitting the jury to hear a prejudicial 911 tape over counsel's objection; and (4) the trial court erred in denying Vanfossen's request to have Dr. Frank Dattilio testify as to

Vanfossen's mental and physical state at the time of the alleged offenses.  See Direct Appeal Op. at 2; see also Opinion at 1, Commonwealth v. Vanfossen, No. 2608 of 2002 (Ct. Com. Pl. Lehigh Dec. 31, 2003); Concise Statement of Matters Complained of an Appeal, Commonwealth v. Vanfossen, No. 2002/2608 (Ct. Com. Pl. Lehigh Feb. 13, 2004).  On November 17, 2004, the Superior Court affirmed the judgment of sentence.  See Memorandum, Commonwealth v. Vanfossen, No. 254 EDA 2004 (Pa. Super. Ct. Nov. 17, 2004).  Vanfossen filed a petition for allowance of appeal, which was denied on October 5, 2005.  See Order, Commonwealth v. Vanfossen, No. 384 MAL 2005 (Pa. 2005); see also Memorandum at 2, Commonwealth v. Vanfossen, No. 1390 EDA 2007 (Pa. Super. Ct. Sept. 11, 2008) [hereinafter Super. Ct. Op.].

On May 23, 2006, Vanfossen filed a pro se petition under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.  See Motion for Post Conviction Collateral Relief at 1, Commonwealth v. Vanfossen, No. 2608/2002 (Ct. Com. Pl. Lehigh May 23, 2006).  Counsel was appointed and filed an amended PCRA petition, alleging trial counsel ineffectiveness for: (1) failure to adequately research, investigate, and interview witnesses; (2) failure to timely secure discovery from the Commonwealth; (3) failure to adequately investigate and prepare a defense of diminished capacity; (4) failure to file pretrial motions as requested by Vanfossen; (5) failure to discuss trial strategy with Vanfossen; (6) failure to allow Vanfossen to participate in the jury selection process; (7) failure to properly examine and cross-examine witnesses at trial; (8) failure to protect Vanfossen's right to a speedy trial; and (9) having Vanfossen sign a waiver without explaining the consequences of his actions. See Order, Commonwealth v. Vanfossen, No. 2609 of 2002 (Ct. Com. Pl. Lehigh May 26, 2006); Amended Petition for Post-Conviction Relief at 2-3, Commonwealth v. Vanfossen, No.

2

2002/2608 (Ct. Com. Pl. Lehigh July 24, 2006). The PCRA court found Vanfossen's claims meritless. See Opinion at 1-11, Commonwealth v. Vanfossen, No. 2608 of 2002 (Ct. Com. Pl. Lehigh. May 23, 2007) [hereinafter PCRA Ct. Op.]. PCRA counsel filed a motion to withdraw on June 14, 2007 which was granted on July 2, 2007. See Criminal Docket at 36-37, Commonwealth v. Vanfossen, CP-39-CR-0002608 (Ct. Com. Pl. Lehigh July 30, 2007). Vanfossen was permitted to proceed with his appeal pro se. Id. Counsel was reappointed on February 27, 2008. See Order, Commonwealth v. Vanfossen, No. 2608 of 2002 (Ct. Com. Pl. Lehigh Feb. 27, 2008) [hereinafter Feb. 27 Order Appointing Counsel]. On September 11, 2008, the Superior Court affirmed the PCRA court's decision. See Super Ct. Op. at 1.

On October 13, 2008, Vanfossen filed a request for transcripts which was denied on October 16, 2008. See Request for Transcripts/ Notes of Testimony, Commonwealth v. Vanfossen, 1390 EDA 2007/ No. 2608 of 2002 (Ct. Com. Pl. Lehigh Oct. 13, 2008); see also Order, Vanfossen v. Commonwealth, No. 2608 of 2002 (Ct. Com. Pl. Lehigh Oct. 16, 2008). Vanfossen appealed. See Notice of Appeal, Commonwealth v. Vanfossen, No. 2608 of 2002 (Ct. Com. Pl. Lehigh Nov. 25, 2008). The Superior Court treated Vanfossen's transcript request as a second PCRA petition and affirmed the PCRA court's decision on June 15, 2009, finding Vanfossen's petition was untimely. See Memorandum, Commonwealth v. Vanfossen, No. 3416 EDA 2008 (Ct. Com. Pl. Lehigh June 15, 2009) [hereinafter Super Ct. Op. II].

On December 9, 2009,[1] Vanfossen filed a federal habeas petition alleging: (1) his

---

[1] The earliest date Vanfossen's federal habeas petition can be deemed filed is December 9, 2009, the date on which Vanfossen's original federal habeas petition was signed. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("a pro se prisoner's petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court").

3

conviction was obtained by a unconstitutionally selected jury; (2) trial counsel ineffectiveness during jury selection; and (3) denial of his right to appeal, consequently violating his due process rights. See Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 6-13, Vanfossen v. McGrady, et al., No. 09-6020 (E.D. Pa. Dec. 9, 2009) [hereinafter Petition].

## DISCUSSION

I. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year federal limitations period for filing applications for writs of habeas corpus. It provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244 further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

4

judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

Vanfossen's judgment of sentence became final on January 3, 2006, ninety days after the Pennsylvania Supreme Court denied his allowance for appeal. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the 90-day time limit for filing a writ of certiorari in the United States Supreme Court). Therefore, Vanfossen had one year from January 3, 2006, that is, until January 3, 2007, to file his federal habeas petition. See id. Vanfossen did not file his federal petition until December 9, 2009. Therefore, Vanfossen's federal habeas petition is timely only if he can establish the federal limitations period was tolled through December 9, 2009, or he satisfies an exception to the federal limitations period. See 28 U.S.C. § 2244(d).

The federal limitations period may be tolled during the time a state collateral proceeding is pending if the collateral petition was properly filed under state law. 28 U.S.C. § 2244(d)(2). A properly filed state petition is one "submitted according to the state's procedural requirements, such as the rule governing the time and place for filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998); see also Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (where the state court rejected petitioner's PCRA petition as untimely, the petition was not "properly filed," and the petitioner was not entitled to statutory tolling under § 2244(d)(2)). A state collateral proceeding is pending during the time for seeking discretionary review in state court, whether or not discretionary review is sought. Swartz, 204 F.3d at 421.

Vanfossen properly filed a pro se PCRA petition on May 23, 2006. As a result,

Vanfossen's federal limitations period was tolled from May 23, 2006 until October 11, 2008, while his PCRA petition was pending. See 28 U.S.C. § 2244(d)(2). Vanfossen's second PCRA petition, however, was untimely and did not toll the federal limitations period. See Super. Ct. Op. II at 3; Lovasz, 134 F.3d at 148; see also Pace, 544 U.S. at 417.

Before Vanfossen's PCRA filing 140 days of his federal limitations period had passed, i.e. January 3, 2006 to May 23, 2006. When Vanfossen's federal limitations period began to run again on October 11, 2008, 225 days remained before the period expired on May 24, 2009. Vanfossen did not file his federal habeas petition until December 9, 2009 – more than six months after his federal limitations period expired. See Petition at 11. Thus, Vanfossen's first PCRA petition's tolling of the federal limitations period until October 11, 2008 did not make his December 9, 2009 federal petition timely.

Vanfossen cannot satisfy any of the statutory exceptions to the federal limitations period set forth in § 2244(d)(1)(B)-(D). Vanfossen does not assert any claim that relies on a new rule of retroactively applicable constitutional law. See § 2244(d)(1)(B)-(C). However, construing his petition liberally, see United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007), Vanfossen appears to allege state action prevented him from filing a timely petition. See Memorandum of Law at 11.

Vanfossen argues he was "severely prejudiced by the state court's handling of his entire post-conviction process"– denying him the opportunity to be heard, permitting counsel to withdraw, granting Vanfossen permission to proceed pro se, and then reappointing counsel, while

6

denying Vanfossen the record to prepare a meaningful appeal.[2] Id. However, these state court actions occurred while Vanfossen's first PCRA petition was pending, during which Vanfossen's one-year limitations period already was tolled. For example, PCRA counsel was reappointed on February 27, 2008; the limitations period was tolled from May 23, 2006 until October 11, 2008. See Feb 27 Order Appointing Counsel at 1; see also supra at 5-6. Thus, the state courts' actions could not have hindered Vanfossen from filing a timely habeas petition.

Moreover, the factual predicates upon which his federal claims are based concern events that took place before and during trial and appeal, and were discoverable in the exercise of due diligence. See § 2244(d)(1)(D).

Vanfossen requests this Court apply the doctrine of equitable tolling. Vanfossen argues he diligently sought relief but his attempts proved futile.[3] See Memorandum of Law at 11. Vanfossen contends that the state courts' actions, as discussed above, prevented him from asserting his rights. Id. However, Vanfossen does not present any extraordinary circumstance

---

[2] While Vanfossen's first PCRA petition was pending he requested copies of the pre-trial, trial, and post-trial transcripts. See Application for Notes of Testimony and All Other In Court Related Documents, Commonwealth v. Vanfossen, No. 2608/2002 (Ct. Com. Pl. Lehigh Jan. 5, 2006); see also Petition for Notes of Testimony and All Other In Court Related Documents, Commonwealth v. Vanfossen, No. 2608/2002 (Ct. Com. Pl. Apr. 19, 2006); Order for Transcripts, Commonwealth v. Vanfossen, No. 2608/2002 (Ct. Com. Pl. June 6, 2007). His requests were denied. See Order, Commonwealth v. Vanfossen, No. 2608 of 2002 (Ct. Com. Pl. Lehigh Jan. 17, 2006); see also Order, Commonwealth v. Vanfossen, No. 2608 of 2002 (Ct. Com. Pl. Lehigh Oct. 12, 2006); Criminal Docket at 36, Commonwealth v. Vanfossen, CP-39-CR-0002608-2000 (Ct. Com. Pl. Lehigh Feb. 17, 2010).

[3] Vanfossen also requests that this Court apply the doctrine of futility. However, as Vanfossen recognizes, see Memorandum of Law at 11, futility applies to the doctrine of procedural default, which I need not address because I find his habeas petition untimely, see Slutzker v. Johnson, 393 F.3d 373, 380 (3d Cir. 2004) (". . . exhaustion is not required where pursuit of state remedies would be futile.").

7

beyond his control that would justify equitable tolling. Equitable tolling is appropriate

> only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice . . . [and] only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.

Schlueter v. Varner, 384 F.3d 69, 75-76 (3d Cir. 2004) (quoting Miller v. N.J. State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998)); Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Adams v. Palackovich, 2007 WL 1650677 *2-3 (E.D. Pa. June 4, 2007) (Giles, J.) (quoting Schlueter, 384 F.3d at 75-76). The statute of limitations "can be tolled when principles of equity would make [its] rigid application unfair." Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008) (quoting Shendock v. Dir. Office of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir. 1990)). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." See Pace, 544 U.S. at 418.[4] Vanfossen must prove all facts demonstrating entitlement to relief from custody. See Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

As previously discussed, the state court actions Vanfossen cites to justify equitable tolling occurred while the one-year limitations period was tolled. See supra at 6-7. Thus, the state courts' actions did not prevent Vanfossen from filing a habeas petition between October 11, 2008 and May 24, 2009. Vanfossen failed to pursue his rights diligently and no extraordinary circumstances prevented him from filing a timely petition.

---

[4] The Supreme Court has not addressed whether equitable tolling applies to the AEDPA limitations period. Pace, 544 U.S. at 418 n.8 (assuming equitable tolling applied for the case presented); see Calderon v. Hogan, 2007 WL 1740273 at *4 n.5 (E.D. Pa. May 11, 2007) (Fullam, J.).

Accordingly, I make the following recommendation.

**RECOMMENDATION**

AND NOW, this 27th day of May, 2010, it is respectfully recommended the petition for a writ of habeas corpus be DENIED with prejudice. It is further recommended that there is no probable cause to issue a certificate of appealability.[5] The petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy thereof. See Fed. R. Civ. P. 72. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

\s\ TIMOTHY R. RICE
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[5] Jurists of reason would not debate my recommended procedural or substantive dispositions of the petitioner's claims. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, no certificate of appealability should be granted. See id.