IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES HENRY VANFOSSEN | : | CIVIL ACTION |
| v. | : | |
| JAMES J. MCGRADY, et al. | : | NO. 09-6020 |

ORDER

AND NOW, this 3rd day of November, 2010, upon careful and independent consideration of plaintiff James Henry Vanfossen's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1), defendants' response thereto (docket entry # 7), and the Honorable Timothy R. Rice's report and recommendation (docket entry # 9), to which neither party has filed an objection within the period specified by Local Rule of Civil Procedure 72.1 IV (b), and the Court finding that:

(a) We agree with Judge Rice that Vanfossen did not file his habeas petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1), and that he has not demonstrated "that some extraordinary circumstance stood in his way" that prevented him from timely filing the petition, Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), so that he does not qualify for equitable tolling of the limitations period and his petition was as a result not timely filed;

(b) We would like to clarify two points, however;

(c) On October 13, 2008, Vanfossen filed a request for transcripts in the Court of Common Pleas of Lehigh County, Pl.'s Req. for Trs., Commonwealth v. Vanfossen, 1390 EDA 2007 (Ct. Com. Pl. Lehigh Cnty. 2008) (No. 2608 of 2002), which the Court of Common Pleas summarily dismissed on October 16, 2008, Order, Commonwealth v. Vanfossen, 1390 EDA 2007 (Ct. Com. Pl. Lehigh Cnty. 2008) (No. 2608 of 2002);

(d) Following Vanfossen's appeal, the Superior Court of Pennsylvania on June 15, 2009 construed the request as a second PCRA petition and dismissed it as untimely, Memo., Commonwealth v. Vanfossen, 3416 EDA 2008 (Pa. Super. Ct. 2009) (No. 2608 of 2002);

(e) Judge Rice correctly explains that because this second PCRA petition was not timely (and thus not properly) filed, the period during which the state courts considered this petition did not qualify for tolling under § 2244(d)(2), which states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection";

(f) We would like to note, however, that we believe the Superior Court of Pennsylvania erred in construing plaintiff's request for transcripts as a second PCRA petition;

(g) After all, as Judge Rambo noted in Merritt v. Klem, 2007 WL 257299, at *5 (M.D. Pa. 2007),

> A request for transcripts and discovery is a step on the path towards filing a paper that contains a request for substantive relief. Once received, a transcript and discovery package might have revealed the basis on which a substantive motion for relief under the PCRA could have been filed. It would be improper and inefficient for a trial court to deem every request for documents from an inmate as a substantive motion for relief under the PCRA;

(h) However, because Vanfossen failed to appeal the Superior Court's denial of his request to the Supreme Court of Pennsylvania and hence to exhaust state remedies, we are without jurisdiction to review this decision under § 2254(b)(1);

(i) Moreover, as we will now explain, an alternative disposition of Vanfossen's request could not have affected the timeliness of the filing of his habeas petition;

(j) Judge Rice liberally construes Vanfossen's petition to include a claim that state action, in the form of the state courts' handling of his post-conviction process, prevented him under § 2244(d)(1)(B) from filing a timely § 2254 petition;

3

(k)     Judge Rice concludes that because the state actions complained of -- denying Vanfossen the opportunity to be heard, permitting his counsel to withdraw, granting him permission to proceed pro se and then reappointing counsel, and denying him the record to prepare a meaningful appeal -- all occurred while Vanfossen's first PCRA petition was pending, and the § 2244(d)(1) one-year limitations period was (in any event) tolled during the pendency of this petition, these actions could not have prevented Vanfossen from timely filing his petition;

(l)     We observe, however, that Vanfossen filed his request for transcripts on October 13, 2008, after his first PCRA petition had been decisively rejected on October 11, 2008 -- so that the Commonwealth's handling of this request could constitute state action not rendered moot by the tolling of the period of limitations during the pendency of Vanfossen's first petition;

(m)     And yet, § 2244(d)(1)(B) provides only that the limitation period may run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action";

(n)     The very fact that Vanfossen filed his habeas petition after the rejection of his request for transcripts

suggests that the Commonwealth's handling of this request constituted no impediment to the filing of his petition, especially considering that nothing bars a plaintiff from filing a habeas petition raising exhausted claims while simultaneously trying to exhaust other claims in state court, see, e.g., Williams v. Beard, 300 Fed. Appx. 125, 133 (3d Cir. 2008);

(o) Consequently, while the tolling of the limitation period during the pendency of Vanfossen's first PCRA petition did not render moot the Commonwealth's handling of Vanfossen's request for transcripts, state actions with respect to this request also did not prevent Vanfossen from filing a habeas petition, so that § 2244(d)(1)(B) is inapplicable here;

(p) Instead, we agree with Judge Rice that "the factual predicates upon which [Vanfossen's] federal claims are based concern events that took place before and during trial and appeal, and were discoverable in the exercise of due diligence," so that the period should run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2254(d)(1)(A);

(q) Applying this provision to the case at hand, Vanfossen's judgment of sentence became final on January 3, 2006, and the period of limitations was tolled from May 23, 2006 until

October 11, 2008 -- the pendency of his first PCRA petition - meaning that the one-year period expired on May 24, 2009; and

(r) Inasmuch as Vanfossen filed his habeas petition over six months later on December 9, 2009, it was untimely filed;

It is hereby ORDERED that:

1. The report and recommendation (docket entry # 9) is APPROVED IN PART and ADOPTED IN PART;

2. Plaintiff's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (docket entry # 1) is DISMISSED WITH PREJUDICE as untimely; and

3. Plaintiff having failed to make a substantial showing of the denial of a constitutional right, we decline to issue a certificate of appealability; and

4. The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.